UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jack W. Addington, II,<br><br>               Plaintiff,<br><br>vs.<br><br>FNU Daughtery, Director;<br>Scotty Bodiford, Asst. Director; and<br>FNU Krein, Head of Medical Services,<br><br>               Defendants. | C/A No. 2:07-57-CMC-RSB<br><br>Report and Recommendation |

The plaintiff, Jack W. Addington, II (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained in the Greenville County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the "Head of Medical Services," Director, and Assistant Director of the detention center as defendants.[2] Plaintiff requests damages for contracting MRSP (methicillin resistant Staphylococcus aureus) staph infection at the detention center. The plaintiff claims "all the defendants are involved due to the uncleaness of this facility and medical neglect." The complaint should be dismissed for failure to state a claim against the named defendants.

### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments

for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint alleges Plaintiff contracted MRSP (methicillin resistant Staphylococcus aureus) staph infection at the detention center. Plaintiff alleges he "noticed that on 10-23-06 an arising came up on my left elbow that was very painful." The complaint states Plaintiff received medical treatment for the infection, and was isolated with other detainees having MRSP during part of his treatment. The complaint indicates Plaintiff received three rounds of antibiotic treatment, as well as some pain medication, during the two to three weeks he was treated for the infection. The complaint does not allege that Plaintiff currently has any health issues. The relief section of the complaint requests "a claim for scarring, and all my pain and suffering," as well as "a claim for and due to me receiving: punitive, actual, and total (ei...future medical expense due to MRSA.)" The complaint names the detention center Director, Assistant Director, and "Head of Medical Services" as Defendants, but contains no specific factual allegations against the named Defendants.

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state

law. West v. Atkins, 487 U.S. 42, 48 (1988). Claims of deliberate indifference to serious medical needs, as well as health and safety, may state a claim for violation of constitutional rights. With respect to medical treatment received in prison, a prisoner alleging civil rights violations under 42 U.S.C. § 1983 "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The complaint lists individuals in supervisory positions in the detention center as Defendants, and as government employees they may act under color of state law. The complaint, however, does not say how any of the Defendants are related to the alleged deprivation of Plaintiff's rights based on conditions in the detention center. No specific facts involving the individual Defendants are alleged. The "short plain statement of the claim" required by Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed facts of the bases of the claim; however, the complaint must provide enough specificity to "give the defendant fair notice of what the plaintiff's claim is." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) *quoting Conley v. Gibson*, 355 U.S. 41 (1957). Dismissal is necessary where plaintiff's complaint fails to contain "any factual allegations tending to support [his] bare assertion." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). The failure to make any factual allegations against any of the individual Defendants requires dismissal of the complaint for failure to state a claim on which relief can be granted against the Defendants.

If liberally construed, it is inferred that Plaintiff is suing the Defendants as supervisors over the detention center, the complaint fails to state a claim. Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates.

4

*Shaw v. Stroud*, 13 F.3d 701, 798 (4th Cir. 1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir 1999). Alleged training deficiencies for which a supervisory official is responsible, which cause harm, are also actionable. *Mitchell v. Aluisi*, 872 F.2d 577, 581 (4th Cir. 1989). Plaintiff's complaint contains no facts regarding any of the Defendants which would satisfy the above criteria. The complaint should be dismissed for failure to state a claim against the named defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(1).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

February 5, 2007
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).